IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY M. SESAY, et al.      :

   v.      :   Civil Action No. DKC 18-1397

UNITED STATES OF AMERICA, et al.      :

**MEMORANDUM OPINION AND ORDER**

On February 19, 2019, the court issued a memorandum opinion and order granting Defendants' motion to dismiss and dismissing Plaintiffs' complaint. (ECF Nos. 7 & 8). On March 18, 2019, Plaintiffs filed a motion to alter or amend judgment, which is presently pending. (ECF No. 9). Plaintiffs argue that there are further facts to be considered and a clear error of law exists. Defendants filed an opposition on April 1, 2019 (ECF No. 10), and Plaintiffs replied on April 8, 2019 (ECF No. 11). For the following reasons, the motion will be denied.

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest

injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).  Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Plaintiffs contend that there are further facts warranting reconsideration.  However, Plaintiffs do not indicate that these facts constitute newly discovered evidence.  Indeed, the facts alleged in Plaintiffs' motion are not new and were already provided for consideration in Plaintiffs' complaint and opposition to Defendants' motion to dismiss.  Plaintiffs do, however, provide an update to their visa appeal — that Ms. Sesay's visa application

has been submitted to, and is pending with, the Department of State. This avenue of relief was previously noted in the February 19, 2019 opinion and does not constitute a ground for reconsideration here. As stated in the opinion, "Plaintiffs may seek reconsideration through the alternate channels fixed by Congress." (ECF No. 7, at 17). Further, repeated arguments will not be restated here because they were considered and rejected in deciding the prior motion to dismiss, nor will substantially similar arguments that could have been raised prior to the entry of judgment be entertained. *Pacific Ins. Co.*, 148 F.3d at 403. Lastly, Plaintiffs do not provide an intervening change in controlling law or sufficiently identify a clear error of law. Plaintiffs argue that a "reason to believe" standard was incorrectly applied. (ECF No. 11, at 2). No such standard was applied. The court applied the consular nonreviewability doctrine set forth by the Supreme Court of the United States in *Kleindienst v. Mandel*, 408 U.S. 753 (1972): an executive officer's decision denying a visa that burdens a citizen's own constitutional rights is valid when it is made on the basis of a facially legitimate and bona fide reason. Once this standard is met, courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the constitutional interests

of citizens the visa denial might implicate.  Thus, Plaintiffs'
motion for reconsideration cannot prevail.

Accordingly, it is this 14th day of August, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to alter or amend judgment filed by Plaintiffs (ECF No. 9) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to counsel for the parties.

                                              /s/
                              DEBORAH K. CHASANOW
                              United States District Judge